**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA WESTERN DIVISION**

| | |
|---|---|
| SHAWN PHILLIP GASTON,<br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | No. C24-4021-LTS<br>(Crim. No. CR21-4094-LTS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

Shawn Gaston has filed a motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In prior orders (Docs. 2, 13), I denied three of Gaston's four claims for relief. However, I found that an evidentiary hearing was required for the remaining claim, which asserts ineffective assistance of counsel based on trial counsel's alleged failure to file an appeal despite a request to do so.

I held an evidentiary hearing on August 21, 2026. Doc. 16. Both Gaston and his trial counsel, Jim McGough, testified. The Government submitted Government Exhibit 1 (Doc. 17-1), an affidavit from McGough. I also took judicial notice of other materials filed in this case and the underlying criminal case. I heard arguments at the conclusion of the evidence and took the matter under advisement. The "failure to appeal" claim is now ready for decision.

## *II. SUMMARY OF THE EVIDENCE*

The relevant facts concerning Gaston's conviction, sentencing and § 2255 motion are set forth in my prior orders (Docs. 2, 13). In his motion, Gaston asserts that he asked McGough to file an appeal but McGough did not do so. Doc. 1 at 7-8. During the

evidentiary hearing, McGough testified that he has been a licensed attorney, practicing criminal law, for roughly 30 years. He stated that when he was appointed to represent Gaston, Gaston had already pleaded guilty without a plea agreement. Thus, McGough's role was limited to representing Gaston during the sentencing process.

McGough acknowledged that he and Gaston had some issues with rapport and that the first time he met Gaston in person was the date of the first sentencing hearing, January 20, 2023. McGough testified that because Gaston appeared frustrated with his case and might have wanted to withdraw his guilty plea, McGough asked that the sentencing hearing be continued. I reset the hearing to March 31, 2023, and sentenced Gaston on that date. McGough testified that he explained the sentence to Gaston at the end of the hearing, including doing the math relating to good time credit, but stated that Gaston did not participate in the conversation. McGough testified that Gaston never asked him to appeal. He stated that although he would tell clients whether he believed an appeal would be meritorious, he would never refuse to or show reluctance to filing an appeal.[1] McGough stated that Gaston and his wife called his office several times after the sentencing hearing to raise other issues, such as the resolution of other pending cases, but never mentioned an appeal.

Gaston testified that he pleaded guilty without a plea deal to preserve his right to appeal. He stated that he had been unhappy with his first appointed counsel and that he expressed his frustration about that attorney, leading to McGough's appointment.[2] Gaston testified that he never met McGough in person until the first sentencing hearing.

---

[1] The record contains no evidence that McGough has ever failed to file a requested notice of appeal in any other case.

[2] Before pleading guilty, and while being represented by his first attorney, Gaston wrote a letter to the court expressing his dissatisfaction and requesting a new attorney. Crim. Doc. 22. The court denied that initial request. Crim. Doc. 24. After Gaston pleaded guilty, his first attorney filed a motion (Crim. Doc. 35) to withdraw on grounds that a conflict of interest had arisen. That motion was granted and McGough was appointed as replacement counsel. Crim. Docs. 36, 37.

Although Gaston was frustrated by McGough's representation, he did not request a different attorney.

Gaston testified that he requested that McGough file an appeal during their discussion at the end of the sentencing hearing. Indeed, he stated that he repeatedly told McGough to appeal during this conversation. However, Gaston admitted that neither he nor his wife raised the issue of an appeal during any of their post-sentencing contacts with McGough's office. The criminal docket similarly reflects no post-sentencing communications from Gaston to the court inquiring about the status of his appeal or complaining that McGough failed to file a requested appeal. Gaston's § 2255 motion (Doc. 1), filed over a year after the sentencing hearing, contained the first notice to the court of Gaston's allegation that he had asked McGough to file an appeal and McGough refused to do so.

## *III. DISCUSSION*

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief pursuant to § 2255, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[] or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Gaston alleges that his constitutional right to effective counsel was violated due to McGough's failure to file an appeal despite being directed to do so. The failure to file a

requested appeal constitutes ineffective assistance of counsel sufficient to vacate, set aside or correct a sentence under § 2255:

> An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id.* at 964.

*United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). The burden of proof with regard to an ineffective assistance of counsel claim lies with Gaston, as the movant. *See, e.g., Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014).

Based on the evidentiary record before me, I find that Gaston has failed to meet his burden of proving that he directed McGough to file an appeal on his behalf. In making this finding, I credit McGough's testimony over Gaston's to the extent that their testimony is in conflict. This is based on my observations of their testimony as well as other factors that cause me to find McGough's testimony to be more credible. McGough testified that if Gaston would have asked him to file a notice of appeal, he would have done so. McGough is an experienced criminal defense attorney. There is no evidence that he had any motive or reason to refuse to file an appeal if Gaston had asked him to do so.

By contrast, Gaston was not a credible witness. He contended that the primary reason he pleaded guilty without a plea agreement was to preserve his right to appeal. Of course, at the time Gaston entered his guilty pleas he did not know what his sentence would be, so it is not clear what issues (if any) Gaston supposedly wanted to preserve for appeal. In addition, if filing an appeal was as important as Gaston now claims, it is not credible that he would have requested an appeal only at the end of the sentencing hearing, with no additional follow-up with either McGough or the court to confirm that an appeal was actually filed.

Also weighing against Gaston is the fact that he has a significant incentive to provide false testimony. He has served only a small portion of his 295-month sentence and, understandably, would like to find a way to reduce that sentence. This natural incentive, alone, creates a reason to be suspicious of his testimony. That suspicion could be overcome by persuasive evidence supporting Gaston's claim that he told McGough to file an appeal, but no such evidence has been presented.

Finally, Gaston's lengthy criminal history, as detailed in the presentence investigation report (Crim. Doc. 42), casts further doubt on his credibility. While many of his convictions relate to controlled substances, he has convictions for failing to comply with sex offender registration requirements and for the possession of stolen property. Crim. Doc. 42 at 13, 15, 18. Gaston's long history of committing crimes makes it especially difficult to credit his testimony over that of an experienced officer of the court who had no apparent reason for either failing to file a requested notice of appeal or testifying falsely under oath.

For all of these reasons, I find that Gaston failed to meet his burden of proving that he asked McGough to file an appeal, either before or after the sentencing. As such, Gaston's claim for ineffective assistance of counsel in the form of failing to file a requested appeal must be denied. Because I have already denied Gaston's other grounds for relief, his § 2255 motion will be dismissed.

## *IV. CERTIFICATE OF APPEALABILITY*

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th

Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Gaston failed to make the requisite "substantial showing" with respect to any of the claims raised in his § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). As such, a certificate of appealability will not issue. If he desires further review of his § 2255 motion, Gaston may request issuance of the certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

## *V. CONCLUSION*

For the foregoing reasons:

1. Shawn Gaston's claim of ineffective assistance of counsel related to the failure to file a requested appeal is **denied.**

2. Because this order resolves the last remaining claim presented by Gaston's motion (Doc. 1) to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, this action is hereby **dismissed with prejudice**.

3. A certificate of appealability will not issue with regard to any claim presented by Gaston's § 2255 motion. If Gaston desires further review of his § 2255 motion, he may request the issuance of a certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED** this 10th day of September, 2026.

Leonard T. Strand
United States District Judge